[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION OF DEFENDANTS SIMON, SECOLA, KINNEYAND THE LAW FIRMS TO STRIKE
The above defendants move to strike the second count of the complaint, CUTPA, as against them. Their motion was claimed for argument at calendar, and is herein determined.
The plaintiff, by revised complaint, brings this action in two counts. The first count sets forth an alleged cause of action in professional negligence as against the attorneys and their law firms. The plaintiff alleges that the defendants were negligent in their handling of a certain motion on the short calendar in the Judicial District of Tolland, on August 22, 1994.
The first count of the complaint sets forth a variety of claims of negligence which allegedly resulted in an order that the plaintiff have no contact with his children. Included therein are failure to advise him of the motion, failing to attend the hearing, failure to argue on his behalf, stipulating to agreements that he have no contact, failure to file motions to rectify the order so as to reinstate the plaintiff's visitation rights.
The second count, alleging a violation of CUTPA, in essence reiterates some of these same alleged shortcomings, adding only that they failed to inform him of what had transpired at the hearing and/or their negligence in not attending the hearing.
 I
The defendants, in their brief submitted with their motion to strike, claim that the motion should be granted. The case ofHaynes v. Yale New Haven Hospital, 243 Conn. 17 (1997) is determinative of the CUTPA claim.
The Supreme Court, in the Haynes case, supra, states as follows: CT Page 5604
 "The non-commercial aspects of lawyering — that is, the representation of the client in a legal capacity — should be excluded for public policy reasons." Haynes v. Yale New Haven Hospital, supra, p. 35.
 "This public policy consideration requires us to hold that CUTPA covers only the entrepreneurial or commercial aspects of the profession of law". Haynes, supra, p. 35.
 "This concept is in precise accord with the prior analysis by the court of the potential liability of attorneys engaging in the practice of law."
 "We hasten to add, however, that the entrepreneurial aspects of the practice of law, such as attorney advertising, remain well within the scope of CUTPA."
 Larsen Chelsey Realty Co. v. Larsen 232 Conn. 480, 496 (1995) Footnote 19.
The plaintiff has not pleaded any facts which would support a conclusion of that the activity of the defendants were motivated or influenced by a commercial or entrepreneurial purpose or motive. Such a motivation is neither asserted in the pleadings nor could it be logically concluded that such an aspect influenced the alleged conduct.
The second count of the complaint fails to set forth a legally sufficient claim upon which relief can be given. The motion to strike the second count of the complaint is granted.
 II
The defendants further claim that the second count should be stricken because CUTPA requires more than a single act or a single or isolated instance of unfair trade practice. There is a division of authority among Superior Court cases as concerns this proposition. Assuming, arguendo, that this proposition is correct, yet there would still be a question of fact as to whether the three principle allegations of the count — failure to attend the hearing, entering into unauthorized stipulations, and failure to correct, are so closely related in time and activity to constitute a single act, or conversely, would constitute a CT Page 5605 series of independent acts. Hence the court could not reach such factual issues under the auspices of a motion to strike. This proposition, however, is moot by virtue of the court's decision on the inherent failure of the count as set forth in Section I hereof.
For the reasons set forth herein the motion to strike the second count of the complaint, CUTPA, and the relief claimed thereby (attorneys fees, punitive damages and CUTPA costs), is granted.
L. Paul Sullivan, J.